UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT SCHULER, III, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:18-cv-00808-SNLJ |
|  | ) |  |
| NANCY A. BERRYHILL, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

The Commissioner of the Social Security Administration denied plaintiff Robert Schuler's applications for disability insurance benefits and supplemental security income benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. Schuler now seeks judicial review. The Commissioner opposes the motion. The issues being fully briefed, and for the reasons set forth, this Court will **AFFIRM** the Commissioner's decision.

**I.     Procedural History**

Schuler's application was denied at the initial determination level. He then appeared before an Administrative Law Judge ("ALJ"). The ALJ found Schuler was not disabled because his symptoms were not supported by the medical evidence available. Thereafter, Schuler filed a request for review of the ALJ's decision with the Appeals Council of the Social Security Administration, which was denied. Schuler then filed a complaint with this Court, Case No. 4:15-cv-1609. In that case, the ALJ's decision was

reversed and remanded upon the recommendation of Judge Crites-Leoni. Judge Crites-Leoni concluded the ALJ had failed to properly develop the record sufficient to ascertain Schuler's functional limitations resulting from his physical impairments, particularly his back pain. (Tr. 705). Upon remand, a new ALJ undertook "to develop the record with regard to physical limitations resulting from back pain." (Tr. 581). The ALJ found Schuler's back pain was not disabling. (Tr. 587, 589-590). Upon filing a second case, this matter now returns to this Court once more for review of the ALJ's determination pursuant to 42 U.S.C. § 405(g).

## II. Disability Determination—Five Steps

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(c), 404.1520a(d), 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(3)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" (RFC) to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(5)(i), 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotations omitted); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records,

observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Bladow v. Apfel*, 205 F.3d 356, 358–59 n.5 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)( v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the

4

Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

### III. The ALJ's Decision

At Step One, the ALJ found Schuler met the insured status requirements through December 31, 2016, and had not engaged in substantial gainful activity since April 15, 2011. (Tr. 583). At Step Two, the ALJ found Schuler suffers from eight medically determinable impairments: (1) carpal tunnel syndrome; (2) bilateral Dupuytren's syndrome; (3) mild bilateral lower extremity polyneuropathy; (4) degenerative disc disease; (5) obesity; (6) a learning disability; (7) depression; and (8) anxiety. (Tr. 583).[1] At Step Three, the ALJ concluded Schuler does not have an impairment or combination of impairments that meets or equals one of the presumptively disabling impairments listed in the regulations. (Tr. 584).

Next, in beginning the analysis of Step Four, the ALJ determined Schuler's RFC.[2] The ALJ found that Schuler

> has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1657(b) and 416.967(b) that includes being limited to the occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; frequent handling and fingering bilaterally; never working at

---

[1] Schuler makes no arguments before this Court related to his mental impairments, but instead focuses purely on the alleged disabling effects of his physical impairments—back pain, in particular.

[2] In the past, there has been some confusion as to when the RFC is determined, which affects who holds the burden of proof in establishing an appropriate RFC. In this Circuit, it has been held that "the RFC is used at both step four and five of the evaluation process, but it is determined at step four, where the burden of proof rests with the claimant." *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (*quoting Young v. Apfel*, 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000)).

unprotected heights; never working around moving mechanical parts; no exposure to concentrated levels of vibration; simple, routine, and repetitive tasks; and simple, work-related decisions.

(Tr. 587). As part of this determination, the ALJ found Schuler's allegations about his symptoms' intensity, persistence, and limiting effects are not entirely consistent with the medical evidence and other evidence in the record. (Tr. 588). Regarding Schuler's back pain, in particular, the ALJ noted predominantly mild symptomology as recorded by his doctors, with diagnostic testing (e.g. electromyography studies) revealing findings "consistent with mild bilateral lower extremity sensorimotor polyneuropathy." (Tr. 589). The ALJ also noted that, as recently as October 2017, Schuler "had a normal range of motion in all extremities and muscle strength 5/5 in all major muscle groups." (Tr. 590, 922). And a November 2017 exam revealed "only low back pain; spondylosis without myelopathy or radiculopathy of the lumbosacral region; and radiculopathy [of] the lumbosacral region." (Tr. 590, 1006-1007). The ALJ further highlighted Schuler's daily activities, including his ability to groom himself, attend social outings, perform routine household chores, shop for groceries, and drive. (Tr. 591). This and other evidence, cumulatively, led the ALJ to conclude Schuler was not disabled but could, instead, perform light work. (Tr. 587).

With an RFC determination in hand, the ALJ continued on through Step Four to determine whether Schuler can perform his past relevant work given his designated RFC. The ALJ determined Schuler cannot perform any past relevant work. (Tr. 592). At Step Five, the ALJ analyzed whether Schuler can successfully adjust to other work. The ALJ noted that if Schuler had the RFC to perform the full range of light work—in

other words, if Schuler's RFC matched perfectly with the Medical-Vocational Guidelines (the "Grids")—then the Grids would direct a finding of not disabled; but, additional limitations impede Schuler's ability to perform all or substantially all of the light work requirements. Thus, the ALJ relied on vocational expert (VE) testimony to determine the extent to which these limitations erode Schuler's occupational base to perform light work. The VE testified Schuler is able to perform work as a cafeteria attendant, cashier, or photocopy machine operator even after considering all of the limitations in Schuler's RFC. (Tr. 593). The ALJ then found these jobs exist in significant numbers in the national economy and concluded Schuler is not disabled. (Tr. 593).

## IV. Standard of Review

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is less than a preponderance of the evidence but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (alteration in original) (*quoting Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court must also consider any evidence that fairly detracts from the Commissioner's decision. *Id.* "[I]f there is substantial evidence on the record as a whole, [the Court] must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992). In reviewing whether the ALJ's decision

was supported by substantial evidence, this Court does not substitute its own judgment for that of the ALJ—even if different conclusions could be drawn from the evidence, and even if this Court may have reached a different outcome. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

## V. Discussion

Schuler narrowly appeals the ALJ's purported failure to "mention or evaluate" a number of medical records between 2013 and 2017 related to his back pain. As a corollary to that concern, Schuler also takes issue with the fact that the ALJ gave "great weight" to the opinions of medical expert Dorothy Leong, M.D., who, in opining that Schuler could perform light work, allegedly "failed to list almost all of the medical evidence from the pain management doctors, which is the exact same [concern] that [Schuler] has [against the ALJ]." Essentially, the two arguments go hand-in-hand: Schuler takes issue with the fact that it appears the ALJ did not consider the total body of evidence and relied on an expert who, likewise, failed to consider that evidence.[3]

In reviewing the record, the ALJ is under no compulsion to mention every piece of evidence they have reviewed. Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). And "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id*. Thus, it is of no particular import that the ALJ failed to mention the

---

[3] Schuler speculates, without any additional support, that Leong did not consider the full body of evidence available. In addition to her opinion, Leong provide a two-page evidentiary summary that appears to highlight major medical events between 2012 and 2017. (Tr. 1151-1152). Schuler extrapolates from this summary that Leong must not have consider all of the evidence because not all of the evidence was listed. However, the ALJ expressly found that Leong's "opinion is timely and [that she] *was able to review all of the claimant's medical records*." (Tr. 591 (emphasis added)). This Court will not question that finding based on nothing more than Schuler's unsubstantiated conclusion to the contrary.

8

records highlighted by Schuler in his motion so long as the records that were relied upon by the ALJ are sufficiently robust, taken together, to support a finding that the ALJ's decision lies within the discretionary "zone of choice." *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006). And this concern for the sufficiency of the evidence—evidence weighty enough to disregard a claimant's subjective complaints—seems to animate the core of Schuler's argument.

Two cases highlight this principle in relation to subjective complaints related to back pain.

In *Draper v. Barnhart*, a case which Schuler relies on, the Eighth Circuit concluded the ALJ had erred in discounting a claimant's subjective complaints of back pain when based strictly on the claimant's seemingly incongruent daily activities. 425 F.3d 1127, 1129-1130 (8th Cir. 2005). The ALJ, who concluded the claimant was capable of light work, discounted the claimant's subjective complaints because there was evidence in the record indicating claimant was capable of light exertional efforts including household chores, laundry, grocery shopping, and mowing. *Id*. at 1131. The Eight Circuit explained "the fact that [claimant] tries to maintain her home and does her best to engage in ordinary life activities is not inconsistent with her complaints of pain, and in no way directs a finding that she is able to engage in light work." *Id*. The court went on "we have reminded the Commissioner that to find a claimant has the residual functional capacity to perform a certain type of work, the claimant must have the ability to perform the requisite acts day in and day out … the ability to do light household work

9

with assistance … does not qualify as the ability to do substantial gainful activity." *Id*. (quoting *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989)).

By contrast, in *McDade v. Astrue*, the ALJ's decision to disregard claimant's subjective complaints of back pain was upheld. 720 F.3d 944, 998 (8th Cir. 2013). In *McDade*, the ALJ also relied on the claimant's daily activities—including cooking, taking care of pets, using a computer, driving with a neck brace, and shopping for groceries with the use of an electric car—to disregard claimant's allegations of disabling pain. *Id*. But, unlike *Draper*, the ALJ did not stop there. The ALJ had also noted that claimant did not take long-term narcotic medication for pain relief. *Id*. Further, the ALJ explained that claimant's allegation of disabling pain appeared "implausible" with the total medical record that described "only minor lumbar spine abnormalities, the absence of irregularities in [claimant's] cervical spine, and a neurologist's report that [claimant] suffered from 'some genuine weakness and some not so genuine weakness.'" *Id*.

The narrow point to be drawn from *Draper* is that daily activities, alone, should not be used to negate claims of subjective pain. This is because, as *Draper* explains, there is a meaningful difference between having the ability to take care of one's self on a daily basis and having the ability to perform in a competitive workplace environment. *Draper*, 425 F.3d at 1131. As it has been said, "[p]articipation in activities with family or activities at home and at your own pace may not reflect an ability to perform at work. [A] claimant need not be bedridden to qualify for disability benefits." *Nowling v. Colvin*, 813 F.3d 1110, 1122 (8th Cir. 2016) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 713 (8th Cir. 2001)). But, *McDade* (and a host of other cases) reveals that an ALJ's decision

nonetheless resides in the deferential "zone of choice" when the total record—not just one element of it, such as daily activities—supports the conclusion that the claimant's pain is not so disabling as to prevent gainful employment. *See McDade*, 720 F.3d at 998 (relying on daily activities, lack of a need for medication, and mostly benign medical records to disregard claimant's subjective complains); *see also Nash v. Commissioner*, 907 F.3d 1086, 1090 (8th Cir. 2018) (relying on daily activities and lack of corroborative medical record support to disregard claimant's subjective complaints); *Bryant v. Colvin*, 861 F.3d 779 (8th Cir. 2017) (relying on work history, daily activities, medical record, and suspicious circumstances surrounding onset date of disability to disregard claimant's subjective complaints).

Here, the ALJ certainly relied on Schuler's daily activities, which included his ability to groom himself, attend social outings, perform routine household chores, shop for groceries, and drive. (Tr. 591). But, the ALJ also emphasized what she believed was predominately mild symptomology, in total, that did not signal the sort of disabling pain urged by Schuler—noting that, as recently as October 2017, Schuler's range of motion in all extremities was normal and his strength was a perfect 5/5 in all muscle groups. (Tr. 589-590, 922). Indeed, more recent medical records reveal largely mild or otherwise unremarkable symptomology. (Tr. 921-23, 927, 931, 935, 939, 943, 1006, 1008, 1010, 1012). But, also, a range of records from 2012 through 2017 further indicate only "mild" to "moderate" symptoms (Schuler, himself, often rated his pain as 5 of out 10) with "good pain relief from medication." These records also remark that Schuler was in "no acute distress" at the time of examination and was perfectly capable of moving about

11

without difficulty or complaint. (Tr. 357, 369-371, 389, 465, 491, 565, 1050, 1053, 1056, 1069, 1070, 1072, 1075, 1077-1078, 1097, 1102, 1110). There is simply nothing in the totality of the record underscored by Schuler that would support the sort of disabling pain referenced by him, and this Court could locate no records, for itself, that would tend to establish a functional limitation commensurate with the debilitating pain otherwise described.

## VI. Conclusion

This Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. It does not substitute its own judgment for that of the ALJ. *McNamara*, 590 F.3d at 610. Having found the ALJ's conclusions were supported by substantial evidence and that legal standards were correctly applied, this Court affirms the ALJ's decision.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED**, and plaintiff Robert Schuler's complaint (#1) is **DISMISSED with prejudice**. A separate judgment will accompany this Order.

So ordered this 11th day of April 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE